**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

July 25, 2017

Albert M. Greto, Esq.
R. Joseph Hrubiec, Esq.
Greto Law
715 N. Tatnall Street
Wilmington, DE 19899-0756

Jeffrey M. Weiner, Esq.
Law Offices of Jeffrey M. Weiner PA
1332 King Street
Wilmington, DE 19801

> **Re:** *Michael Ciabattoni v. Teamsters Local 326*
> *Case I.D. No.: N15C-04-059 VLM*

Dear Counsel:

This is the Court's ruling on Plaintiff's Motion for Leave to Join Defendants and to File a Third Amended Complaint ("Motion"), filed on June 9, 2017. For the reasons stated below, Plaintiff's Motion is **DENIED**.

### *Factual and Procedural Background*

The factual background of this case is more fully outlined in prior opinions of this Court.[1] What follows is a summation of the salient facts solely for purposes of the pending Motion.

On February 12, 2017, an administrator of the Facebook page, "Bring the Teamsters to Fed Ex Freight," posted the following message:

> Congratulations Ernie, you are the true meaning of a stand

---

[1] *See Ciabattoni v. Teamsters Local 326*, 2017 WL 1175665 (Del. Super. Mar. 28, 2017) (granting Defendant Travis Eby's motion to dismiss on personal jurisdiction grounds); *Ciabattoni v. Teamsters Local 326*, 2016 WL 4442277 (Del. Super. Aug. 22, 2016) (same as to Defendant Robert Taylor).

up guy.  You have never made a promise to the men at sbr and has [sic] always been truthful to them.  You have been a great mentor to me and to so many others.  I have enjoyed working side by side with you for the past 3 years and look forward to many more.  Again congratulations and I look forward to working by your side.  NOW LETS [sic] GET IT ON.[2]

This message appeared as a comment to an earlier post on the Facebook page that posted a Teamster.org article, entitled "Ernie Soehl Appointed to Lead Teamsters National Freight Division."  Underneath the above comment appears a photograph of two men.  Plaintiff maintains that the two men in the photo are Ernie Soehl and Travis Eby.[3]  Other comments appear below this post, including posts under the moniker of "Bring the Teamsters to Fed Ex Freight;" these posts suggest that different individuals were able to comment under this same moniker on the Facebook page.

To Plaintiff, the February 12, 2017 post is a smoking gun.  Plaintiff discovered this post in March 2017, about the same time the Court was considering his then-pending motion for reargument of Defendant Travis Eby's motion to dismiss the second amended complaint.  This Court, at that time, did not consider this new post when it was raised during oral argument, noting that it had not been raised in the briefs on the motion.  The Court denied Plaintiff's motion for reargument on May 12, 2017.

Undaunted, Plaintiff has filed this Motion, seeking leave to re-join Travis Eby ("Eby"), and to join—for the first time—Ernest Soehl ("Soehl"), Teamsters Local 701, Teamster Local 776, the International Brotherhood of Teamsters ("IBT"), and Robert Baker (collectively "New Defendants").  Defendants objected to the Motion in a written response filed on June 20, 2017.  The Court heard oral argument on the Motion on July 18, 2017 and reserved decision.  Having considered the filings and oral arguments, this is the Court's decision on Plaintiff's Motion.

---

[2] Plaintiff's Motion for Leave to Join Defendants and File Third Amended Complaint at Ex. A, *Ciabattoni v. Teamsters Local 326*, C.A. No. N15C-04-059 VLM (Del. Super. June 9, 2017) [hereinafter Motion].

[3] *See id.* at ¶ 1.

2

## Contentions of the Parties

Plaintiff argues that the New Defendants are amenable to the jurisdiction of this Court and should be joined. As to IBT and Soehl, Plaintiff contends that they are subject to traditional personal jurisdiction of this Court. As to the other out-of-state New Defendants and Eby, Plaintiff contends that they are subject to the jurisdiction of this Court under the conspiracy theory of personal jurisdiction.

Additionally, Plaintiff maintains that amendments to the complaint should be freely given when justice so requires. Further, he argues that the allegations in the Proposed Third Amended Complaint relate back to the filing date of the original complaint. Finally, he states that the New Defendants are necessary parties; without their involvement, Plaintiff may not obtain complete relief on his claims of intentional infliction of emotional distress, invasion of privacy, and defamation.[4]

Defendants maintain that this is a "last-ditch effort by Plaintiff to circumvent the minimum contacts [analysis] and Due Process requirements."[5] They argue that the February 12, 2017 post does nothing to change this Court's earlier analysis regarding personal jurisdiction. Moreover, Defendants contend that neither Eby nor the New Defendants are necessary parties to this action. Further, Defendants argue that this amendment will cause undue prejudice. They also maintain that the statute of limitations as to the New Defendants has passed and that these claims do not relate back to the original complaint. Finally, Defendants posit that well-settled U.S. Supreme Court jurisprudence either prevents or colors Plaintiff's allegations as raised in the Proposed Third Amended Complaint.[6]

## Standard of Review

Delaware Superior Court Civil Rule 15(a) governs the amendment of

---

[4] Complete relief, as stated by Plaintiff, includes more than money damages: he seeks "retractions and apologies" for Defendants' alleged conduct.

[5] Teamsters Defendants' Opposition to Plaintiff's Second Motion to Join Defendants and File Third Amended Complaint at 3, *Ciabattoni v. Teamsters Local 326*, C.A. No. N15C-04-059 VLM (Del. Super. June 20, 2017) [hereinafter Response].

[6] *See id.* at 2, 6 (citing *Old Dominion Branch No. 496, Nat'l Assoc. of Letter Carriers, AFL-CIO v. Austin*, 418 U.S. 264 (1974); *Linn v. United Plant Guard Workers of Am., Local 114*, 383 U.S. 53 (1966); *Coronado Coal Co. v. United Mine Workers of Am.*, 268 U.S. 295 (1925); *United Mine Workers of Am. v. Coronado Coal Co.*, 259 U.S. 344 (1922)).

pleadings.[7] Beyond the period for amendment as a matter of course, the amending party must seek leave of court to amend a pleading.[8] The Court shall freely grant such leave "when just so requires."[9] However, where the amendment is futile—i.e., the amendment would not survive a motion to dismiss for failure to state a claim— the Court should deny leave to amend.[10]

Rule 15(c) addresses the "relation back of amendments."[11] If the amending party seeks to add a new party to the action after the running of the applicable statute of limitations, that party must, first, show that the amendment arises out of the same conduct, transaction, or occurrence as timely set forth in the original pleading.[12] Next, the amending party must show that the new party "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits. . . ."[13] Finally, the amending party must also show that the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [new] party."[14]

## *Discussion*

While motions to amend the pleadings are to be freely given where justice so requires, this Motion is not such a circumstance. There are several reasons for this conclusion. The Court will address but a few of those reasons for why Plaintiff's Motion is denied.

---

[7] DEL. SUPER. CT. CIV. R. 15(a).

[8] *See id.*

[9] *Id.*

[10] *See Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 811-12 (Del. 2016) (quoting *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011); *Cornell v. Glasgow LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *12 n.134 (Del. Super. June 6, 2012)).

[11] Rule 15(c).

[12] *See* Rule 15(c). *See generally Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258 (Del. 1993) (discussing three requirements for relation back of amendment against new party to action).

[13] Rule 15(c)(3)(A).

[14] Rule 15(c)(3)(B).

4

## A. Jurisdiction and the New Defendants

The conspiracy theory of jurisdiction has been exhaustively addressed in this Court's prior written decisions.[15] The Court incorporates those opinions here, and writes only to clarify its application to the New Defendants.

The New Defendants are all out-of-state entities or individuals. Local 701 is a New Jersey entity. Ernie Soehl is a New Jersey resident. Local 776 is a Pennsylvania entity. Robert Baker is a Pennsylvania resident. IBT is a Washington, D.C. entity.

The hook for all of these entities and individuals in the Proposed Third Amended Complaint is a conspiracy to tortiously injure and defame Plaintiff. This includes conduct of the named Delaware Defendants, who allegedly collected and transmitted sensitive documents regarding Plaintiff to the out-of-state New Defendants. The New Defendants then allegedly posted or conspired with the Delaware Defendants to harm Plaintiff's reputation. This was putatively achieved through the semi-anonymous posts and comments of administrator(s) to the subject Facebook page.

The catalysts for the aggrandizement of this conspiracy in the Proposed Third Amended Complaint is one solitary photo and comment: the February 12, 2017 Facebook post. This post allegedly evidences that Soehl and Eby held a working relationship akin to that of mentor-mentee. Assuming this to be the case, however, is one thing. Plaintiff's allegations take this much further: he alleges, *ipso facto*, that this post, and the revelation of Eby and Soehl's relationship manifests the very conspiracy he has alleged since April 2015, when he first filed this action.

Even taking this allegation as true, the Court finds that this Facebook post is immaterial to the jurisdictional issues addressed in prior opinions of this Court. As such, there has been no showing that the New Defendants would remain in the action after the Court's consideration of their inevitable motion to dismiss for lack of personal jurisdiction. Thus, the proposed amendment is futile for this reason, in addition to the other reasons that follow.

## B. Delay

A *brief* timeline of this case's procedural history is necessary to evince what

---

[15] *See supra*, note 1.

this Court sees as unnecessary delay in the prosecution of this action.

The complaint alleges claims spanning from 2012 to January 9, 2015. The original complaint was filed on April 7, 2015 and removed shortly thereafter to the United States District Court for the District of Delaware. The case was remanded by stipulation of the parties on January 28, 2016. On April 25, 2016, Defendant Robert Taylor's motion to dismiss was filed and briefed. On August 22, 2016, that motion was granted.

Plaintiff filed a second amended complaint on November 28, 2016. Eby was joined in the amendment and moved to dismiss on January 13, 2017. This motion was fully briefed and argued. On March 28, 2017, this Court granted Eby's motion to dismiss. Plaintiff's motion for reargument was filed on April 4, 2017 and argued on May 12, 2017. That motion was denied on the record at the hearing.

Plaintiff's present Motion comes over two years after the filing of the original complaint. Many civil cases in this Court proceed through trial in that same timeframe. For some reason, this case is an outlier. Not one single deposition has been taken. When dates were proposed by Defendants to Plaintiff, he raised issues of lack of adequate accommodations in the distant locale of Harrisburg, Pennsylvania. Throughout the proceedings, it is unclear why Plaintiff has not moved forward with discovery into his allegations.

This case has been stuck in neutral for far too long. It is time to shift into first gear and get moving. Depositions and discovery would be a start. A third amended complaint, and the concomitant third motion to dismiss, would unreasonably delay the action further.

## C. Eby

Numerologists abound with disquisitions concerning the exaltation of the number "three."[16] The provenance of its significance spans continents and eras.

---

[16] *See, e.g.,* IAMBLICHUS, THE THEOLOGY OF ARITHMETIC: ON THE MYSTICAL, MATHEMATICAL AND COSMOLOGICAL SYMBOLISM OF THE FIRST TEN NUMBERS 52-53 (Robin Waterfield, trans., 1988) ("The triad is pervasive in the nature of number: for there are three types of odd number. . . . The triad is very well suited to geometry: for the basic element in plane figures is the triangle, and there are three kinds of triangle. . . . There are three configurations of the moon—waxing, full moon and waning; there are three types of irregular motion of the planets. . . ; there are three circles which define zodiacal plane. . . ; there are three kinds of living creature. . . . One could relate to all this the words of Homer, "All was divided into three. . . ."").

During the Victorian Era, the famous British poet, Elizabeth Barrett Browning, writing her paramour, R. H. Horne, wished him good luck, noting: "The luck of the third adventure is proverbial."[17] Over time, British vernacular distilled this meaning to: "Third time lucky." In America, the colloquialism became—whether through transmutation or by independent origination—the "third time's the charm."

But, just as the Aristotelian principle notes that, "Nature abhors a vacuum," so too this Court abhors the number three. Rules of civil procedure permit a moving party to seek the relitigation of a decided issue in certain respects. Rule 59 of the Delaware Rules of Civil Procedure permits such reconsideration through motions for reargument or reconsideration. However, nowhere will a litigant find in these rules a *third* bite at the proverbial apple. Instead, the "law of the case" doctrine steps in; the third time is not lucky in the courts.[18]

Plaintiff's attempt—without a proper procedural reference—to relitigate Eby's amenability to the personal jurisdiction of this Court is of the same vein. The law of the case doctrine and the rules of civil procedure prohibit the relitigation of this issue. Therefore, the amendment as to Eby is summarily dismissed.

In so much as Plaintiff alleges that newly-discovered evidence has been presented, the February 12, 2017 Facebook post is no smoking gun. It shines no more light on the alleged conspiracy than did the insufficient evidence marshalled earlier in Plaintiff's attempt to invoke the conspiracy theory of personal jurisdiction as to Eby. This post presents no basis to permit the reintroduction of Eby in the Proposed Third Amended Complaint.

### D.    Statute of Limitations and Relation Back

The last allegedly tortious conduct in the original and amended complaints occurred on January 9, 2015. Plaintiff's claims of intentional infliction of emotional distress, invasion of privacy, and defamation are subject to a two-year statute of limitations period.[19] Because this period has run before the third amended complaint, Plaintiff must satisfy the requirements set forth in Rule 15(c) regarding

---

[17] *See* Gary Martin, *The Meaning and Origin of the Expression: Third Time Lucky*, THE PHRASE FINDER, http://www.phrases.org.uk/meanings/third-time-lucky.html (last visited July 24, 2017).

[18] *See, e.g.*, *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d 878, 894 (Del. 2015) (discussing "law of the case" doctrine).

[19] *See* 10 *Del. C.* § 8119 (2013 & Supp. 2016).

the relation back of amendments.

IBT, Soehl, Teamsters Local 701, Teamsters Local 776, and Robert Baker were never named in the original complaint. There is no indication that any of the original parties to the complaint were misidentified. Further, there is only conjecture that these additional parties knew of the allegations in the original complaint due to the amoeba-like nature of the alleged conspiracy.

Plaintiff's invocation of a mass conspiracy, spanning the tristate area, is no panacea. It cannot cure all defects in the complaint. It does not provide a separate basis for personal jurisdiction but for situations with the strictest offers of factual proof.[20]

Significantly, this alleged conspiracy similarly cannot overcome the statute of limitations or the rules regarding relation back of amendments. But for Plaintiff counsel's assertion, there is no indication that any of the New Defendants knew or should have known of the underlying action within the statutory period.

Plaintiff has not shown that the statute of limitations is overcome as to the New Defendants named in the Proposed Third Amended Complaint. Plaintiff has not shown that the amendment conforms with Rule 15(c) for the relation back of the present amendment. As such, the Court finds that the proposed amendment is futile on this basis, in addition to the above-stated bases.

### *Conclusion*

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

Sincerely,

Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    All counsel via File&Serve

---

[20] *See Istituto Bancario Italiano, SpA v. Hunter Eng'g Co., Inc.*, 449 A.2d 210, 225 (Del. 1982).