COURT OF CHANCERY
OF THE
STATE OF DELAWARE

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:  May 29, 2019
Draft Report:
Date Submitted:   April 11, 2019

David J. Ferry, Jr., Esquire
James Gaspero, Jr., Esquire
Ferry Joseph, P.A.
824 Market Street, Suite 1000
PO Box 1351
Wilmington, DE 19899

Gary E. Junge, Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
PO Box 497
Dover, DE 19903

RE:   *IMO:  The Real Estate of Robert F. Markiewicz v. Elizabeth Christian, et al.*
C.A. No. 2018-0814-PWG

Dear Counsel:

The issue before me is whether to grant Respondents Elizabeth Christian ("Christian"), Jacquelyn Shannon, and Jean Rickards (together referred to as "Respondents")'s March 19, 2019 motion for leave to file a counterclaim ("Motion").  I recommend that the Court deny Respondents' Motion, without prejudice.  This is my final report.

## I.      Background

Petitioner Robert Markiewicz ("Petitioner") filed a petition for partition on November 8, 2018 seeking to partition by sale property ("Property") located at 30829 Piney Lane, Piney Point, Ocean View, Delaware.  Respondents filed a

response on December 21, 2018 in opposition to the partition action, claiming that the right to partition has been waived because the purpose of deeding the Property to joint tenants with a right of survivorship was to ensure that the Property stayed within the family and that partition in kind is an available remedy.  Following discovery, Respondents filed the Motion at issue, in which they seek to add a counterclaim asking for the imposition of a constructive trust on Petitioner's interest in the Property and for the conveyance of Petitioner's interest to them. They allege that the Property was conveyed, in part, through a gratuitous transfer in 1986 to Respondents and their other siblings (together referred to as "the siblings"), as well as Petitioner, the spouse of a sibling, by the siblings' parents.[1] They assert the remaining interest in the Property was purchased from other relatives by the siblings.[2]  On October 30, 2003, Respondent Christian was added as an owner by quitclaim deed, in which all owners took the property as joint tenants with a right of survivorship and not as tenants in common.[3]  The co-owners listed on the 2003 deed are Petitioner and the siblings, including Cheryl Markiewicz (Petitioner's spouse), Colleen Smith, Jean Rickards, Jacquelyn

---

[1] Docket Item ("D.I.") 19, Ex. A, ¶ 6.

[2] *Id.*, ¶ 8.

[3] D.I. 1, Ex. A.

Shannon, Michael Shannon, and Christian.[4]   In their proposed counterclaim ("Counterclaim"), Respondents assert that title to the Property was held as joint tenants with right to survivorship to ensure that it would always be owned by a sibling or "remain in the family," and the siblings have paid all costs associated with the Property's purchase, improvements and maintenance, without contribution from Petitioner, resulting in Petitioner's unjust enrichment.[5]   They claim that the siblings agreed that Christian's name would be added to the deed after a mortgage on the Property was paid off, and "Petitioner's name would be removed because no other spouses were in title, as spouses were not to have an interest in the Property."[6]   They also allege Petitioner has always been aware that the Property was to remain in the family, has not participated in activities related to the management and ownership of the Property, and has abused his confidential relationship by refusing to remove his name from the deed of the Property and by filing the partition action.[7]

On March 28, 2019, Petitioner opposed the Motion as futile, because Respondents have not shown wrongful conduct by Petitioner, which is required for

---

[4] Colleen Smith, Michael Shannon and Cheryl Markiewicz passed away in 2009, 2013, and 2018, respectively, leaving Petitioner and Respondents as the remaining Property owners.

[5] D.I. 19, Ex. A, ¶¶ 12-18.

[6] *Id.*, ¶ 11.

3

a constructive trust, their claim based on an oral promise to transfer the Property is barred by the Statute of Frauds, and their assertion of Petitioner's abuse of a confidential relationship is barred by the applicable statute of limitations.[8]  In their April 11, 2019 Reply, Respondents argue that Petitioner knew the deed was supposed to be in the names of the siblings only and that the siblings had an expectation that he would remove himself from the deed at some point and he would not interfere with the siblings' ability to keep the Property in the family.[9] They also claim there was part performance of the oral agreement through Petitioner's "[n]ot participating in the annual meetings [held related to the Property] and not contributing to the upkeep fund or paying additional amounts when required."[10] Finally, they allege the breach of the confidential relationship did not occur until Petitioner "affirmatively asserted his right to ownership," so that the statute of limitations or laches doesn't prevent the claim.[11]

## II.    Analysis

Respondents seek to assert a counterclaim against Petitioner under Court of Chancery Rule 13(f), which provides that "[w]hen a pleader fails to set up a

---

[7] *Id.*, ¶¶ 21-26.

[8] D.I. 21.

[9] D.I. 23, at 2.

[10] *Id.*

[11] *Id.*, at 2-3.

counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."[12]  To amend a pleading after a responsive pleading has been served, the Court determines whether the amendment is permitted under Court of Chancery Rule 15(a).  Leave to amend "shall be freely given when justice so requires."[13]  Motions to amend a pleading are committed to the sound discretion of the judge.[14]  "In exercising that discretion, the Court considers certain factors, which include bad faith, undue delay, dilatory motive, repeated failures to cure by prior amendment, undue prejudice, and futility of amendment."[15]  A court will not grant a motion to amend if the amendment would be futile.[16]  And, "[t]he standard for assessing the legal sufficiency of a proposed counterclaim is the same standard applicable to a motion to dismiss" under Rule 12(b)(6).[17]  For a motion to amend, as with a motion to dismiss, all well-pled allegations in the counterclaim are

---

[12] Ct. Ch. R. 13(f).

[13] Ct. Ch. R. 15(a).

[14] *Cf. Ross Holding & Mgmt. Co. v. Advance Realty Grp., LLC*, 2010 WL 3448227, at *2 (Del. Ch. Sept. 2, 2010); *Fields v. Kent Cty.,* 2006 WL 345014, at *4 (Del. Ch. Feb. 2, 2006).

[15] *Fields,* 2006 WL 345014, at *4; *see also Ross Holding & Mgmt. Co.*, 2010 WL 3448227, at *2.

[16] *Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 811 (Del. 2016); *Cartanza v. Lebeau*, 2006 WL 903541, at *2 (Del. Ch. Apr. 3, 2006).

assumed to be true and the moving party receives the benefit of all reasonable inferences.[18] Conclusions in the counterclaim are not accepted as true without allegations of facts to support them.[19] The court considers whether it appears with a reasonable certainty that the party seeking the amendment would be entitled to the relief sought under the facts contained in the proposed counterclaim.[20] If not, the moving party has failed to state a claim for relief, and the motion for the amendment should be denied because the counterclaim would be futile.

To determine whether Respondents' amendment should be permitted, I address whether Respondents' claims in the Counterclaim are futile. Assuming that all well-pled facts in the Counterclaim are true, I determine whether Respondents would be entitled to recover under any reasonably conceivable set of circumstances inferred from the Counterclaim. Respondents argue two grounds upon which the Court should impose a constructive trust. First, they claim

---

[17] *King Const., Inc. v. Plaza Four Realty, LLC*, 2012 WL 3518125, at *3 (Del. Super. Aug. 7, 2012); *see also Clark*, 131 A.3d at 811-12; *Ross Holding & Mgmt. Co.,* 2010 WL 3448227, at *2; *Cartanza*, 2006 WL 903541, at *2.

[18] *See Prairie Capital III, L.P. v. Double E Holding Corp.,* 132 A.3d 35, 49 (Del. Ch. 2015); *Litman v. Prudential-Bache Properties, Inc.*, 1994 WL 30529, at *2 (Del. Ch. Jan. 14, 1994), *aff'd,* 642 A.2d 837 (Del. 1994); *King Const., Inc. v. Plaza Four Realty, LLC*, 2012 WL 3518125, at *3.

[19] *Cf. In re Tri-Star Pictures, Inc., Litig.*, 634 A.2d 319, 326 (Del. 1993); *Cartanza*, 2006 WL 903541, at *2; *Litman*, 1994 WL 30529, at *3.

[20] *Ross Holding & Mgmt. Co.*, 2010 WL 3448227, at *2; *Cartanza*, 2006 WL 903541, at *2.

Petitioner's conduct, by failing to remove his name when he knew the siblings' intention was for the Property to remain in the family, or to make any monetary contributions towards the Property while retaining title in the Property, is unconscionable, an abuse of his confidential relationship, and would result in his unjust enrichment if he is allowed to remain as an owner of the Property. Second, Respondents allege that their purported oral agreement with the Petitioner to remove his name from the title was partially performed and justifies the imposition of a constructive trust on his interest in the Property.

A constructive trust "does not arise from the presumed intent of the parties, but is imposed when a defendant's fraudulent, unfair or unconscionable conduct causes him to be unjustly enriched at the expense of another to whom he owed some duty."[21] Evidence of "[s]ome fraudulent or unfair and unconscionable conduct is essential."[22] "Delaware courts have recognized that, where there is such trust between family members that a confidential relationship is created, the court

---

[21] *Adams v. Jankouskas*, 452 A.2d 148, 152 (Del. 1982); *see also Quill v. Malizia*, 2005 WL 578975, at *8 (Del. Ch. Mar. 4, 2005) (*"a constructive trust does not hinge on the intent of the parties, but rather on a finding of fraud, violation of fiduciary duty, or some other unconscionable act by one of the parties that requires equitable intervention to prevent unjust enrichment"*); *Elliott v. Holladay*, 2003 WL 1240497, at *5 (Del. Ch. Mar. 7, 2003) (citing *Wagner v. Hendry*, 2000 WL 238009, at *7 (Del. Ch. Feb. 23, 2000)). Conversely, a resulting trust, which is not plead here, "arises from the presumed intentions of the parties and upon the circumstances surrounding the particular transaction." *Adams*, 452 A.2d at 152.

can grant equitable relief to remedy inequitable conduct of a family member who was unjustly enriched by their actions."[23]

Here, Respondents must first show Petitioner had a confidential or fiduciary duty to them that he breached by refusing to remove his name from the deed.  The question is whether the factual inferences contained in the Counterclaim show the existence of a confidential relationship between Petitioner and Respondents, such that Petitioner owed fiduciary duties to Respondents.  A confidential, or special, relationship may arise where "one party places a special trust in another and relies on that trust or where a special duty exists for one party to protect the interests of another."[24]  "This special trust is often found in the family context, where one

---

[22] *Greenly v. Greenly*, 49 A.2d 126, 129 (1946).

[23] *In re Tr. FBO duPont Under Tr. Agreement Dated Aug. 4, 1936*, 2018 WL 4610766, at *13 (Del. Ch. Sept. 25, 2018).

[24] *In re Wilbert L.*, 2010 WL 3565489, at *5 (Del. Ch. Sept. 1, 2010) (citing *Goodrich v. E.F. Hutton Grp., Inc.*, 1991 WL 101367, at *2 (Del. Ch. June 7, 1991)); *see generally Bird's Const. v. Milton Equestrian Ctr.*, 2001 WL 1528956, at *4 (Del. Ch. Nov. 16, 2001) ("Delaware law has acknowledged various relationships as proper fiduciary relationships, for example: attorney and client, general partners, administrators or executors, guardians, and principals and their agents."); *Wagner*, 2000 WL 238009, at *7 (finding that the daughter-in-law "reasonably placed faith in [her father-in-law] and regarded him as family"); *McMahon v. New Castle Assocs.*, 532 A.2d 601, 604 (Del. Ch. 1987) ("attention must be paid to the word 'special' lest the statement be thought to describe too broadly chancery's concerns with relationships where an element of trust, as commonly understood, is present"); *Carey v. Carey*, 1982 WL 117003, at *3 (Del. Ch. Aug. 11, 1982) (the imposition of a constructive trust was possible where daughters placed their trust in their mother and brother "based apparently on the confidential and familial relationships between them").

justifiably places her trust in a close relative."[25] Or, could possibly be found where family members are involved in a partnership or a joint venture, such that fiduciary duties arise related to the business relationships.[26] Here, Respondents infer that Petitioner is not "family" since they seek that he relinquish his interest in the Property because the Property was to "remain in the family." But, he was the spouse of a deceased sibling and the joint ownership of the Property could be considered a loose partnership or joint venture. However, even if I assume *arguendo* that a confidential relationship has been established, Respondents have not shown inequitable or unconscionable conduct by Petitioner to justify the imposition of a constructive trust with regard to the Property to prevent his unjust enrichment. There are no allegations that Petitioner obtained his title in the Property in an unconscionable manner – the Counterclaim asserts he received his interest in the Property originally in 1986 along with his spouse and her other siblings. Or that Petitioner fraudulently or unconscionably tricked the siblings into keeping him on the deed – when an additional sibling was added to the deed in 2003, he could have been taken off the deed at that time, but was not. Further, Respondents point to no actions taken by Petitioner but rely on his inaction – his failure to have paid towards the purchase, improvement or maintenance of the

---

[25] *In re Wilbert L.*, 2010 WL 3565489, at *5.

[26] *See Quill v. Malizia*, 2005 WL 578975, at *11-*12 (Del. Ch. Mar. 4, 2005).

9

Property or to have attended meetings regarding the Property and his refusal to remove his name from the deed – to show that he acted inequitably with regard to the Property.  The Counterclaim addresses that the siblings contributed towards the upkeep and other costs associated with the Property, which, I would presume, included Petitioner's spouse.  And it claims that, as the siblings passed away, "remaining siblings paid a greater share of the expenses," and that the siblings' parents contributed significantly.  But, it does not allege what Petitioner's obligations regarding the Property were – from which it could be deduced that his inaction was unfair or breached some duty.[27]  Further, the Counterclaim does not assert that Petitioner ever promised to remove his name – it claims that all of the siblings agreed he should be removed from the title, but it does not indicate that he agreed to such an action.  Accordingly, I find Respondents have failed to state a claim for relief to support the imposition of a constructive trust based upon Petitioner's inequitable conduct.

And, a constructive trust based upon an oral contract to convey land is essentially "the equivalent of specific performance of a contract to convey an

---

[27] Respondents are not without a remedy to address their claims for Petitioner's alleged failure to make his share of contributions towards the Property or unjust enrichment.  As a part of the process to divide proceeds from the partition sale, all joint owners may submit claims to the Court for consideration as contributions they have made towards, or benefits they have received from, the Property.

10

interest in land."[28]  To be enforced in equity, such a contract must be proven to exist.[29]  Consistent with the Statute of Frauds, contracts to convey land are usually in writing.[30]  However, there is a well-established exception to the Statute of Frauds that partial performance of an oral contract may be enforced by specific performance.[31]  The actual part performance must be "a joint act, or an act which 'clearly indicates mutual assent' of the parties to the oral contract."[32]  Courts have generally found that taking possession of the land, making partial or full payment for the land, rendering services that were agreed to be exchanged for the land, or making valuable improvements on the land in reliance on the oral contract generally demonstrate part performance.[33]

Here, the Counterclaim does not allege that Petitioner agreed to remove his name and convey his interest in the Property to the other owners, or that he, directly, took any actions indicating his mutual assent to such an agreement that

---

[28] *Gebler v. Gall*, 1986 WL 11108, at *3 (Del. Ch. Sept. 23, 1986).

[29] *Id.*

[30] The Statute of Frauds provides that actions cannot be brought to enforce the sale of lands "unless the contract is reduced to writing, or some memorandum, or notes thereof, are signed by the person to be charged therewith. . . ." 6 *Del. C.* § 2714(a).

[31] *Walton v. Beale,* 2006 WL 265489, at *4 (Del. Ch. Jan. 30, 2006); *Heckman v. Nero*, 1999 WL 182570, at *3 (Del. Ch. Mar. 26, 1999).

[32] *Walton*, 2006 WL 265489, at *4; *Sargent v. Schneller*, 2005 WL 1863382, at *5 (Del. Ch. Aug. 2, 2005).

[33] *Walton*, 2006 WL 265489, at *4; *Sargent*, 2005 WL 1863382, at *5.

would constitute part performance.  I find Respondents have also failed to state a claim for relief that would survive a Rule 12(b)(6) motion related to the imposition of a constructive trust based upon an alleged oral contract with Petitioner to convey his interest in the Property.

## III.    Conclusion

For the reasons set forth above, I recommend that the Court deny Respondents' motion for leave to file a counterclaim without prejudice, because their proposed counterclaim is futile since they have failed to state a claim for relief related to the imposition of a constructive trust based on Petitioner's inequitable conduct or on an alleged oral contract with Petitioner to convey his interest in the Property to them.  This is a final report and exceptions may be taken pursuant to Court of Chancery Rule 144.

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery