# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARTIN O. WILLEY, and AMY J. WILLEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C.A. No.: N24C-10-259 CEB |
| JOHN W. SCOTT, NICOLE D. SCOTT, JWSBCS, LLC, LONG & FOSTER REAL ESTATE, INC., d/b/a THE MARYLAND AND DELAWARE GROUP OF LONG AND FOSTER, CLIFTON H. BRITTINGHAM, JACOB BRITTINGHAM, DYLAND BARLOW, RICHARD S. BARR, III, individually and as a member of SPICY CHICKEN, LLC, d/b/a THE MARYLAND AND DELWARE GROUP OF LONG AND FOSTER, THE MARYLAND GROUP OF LONG AND FOSTER, LLC, DELAWARE GROUP OF LONG AND FOSTER, LLC, GREGORY A. SHAHADY, CHESAPEAKE INSPECTION SERVICES, LLC, WILLIAM C. HEARN, and SHOREMAN CONSTRUCTION COMPANY, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: January 24, 2025
Decided: April 21, 2025

## MEMORANDUM OPINION

*Upon Consideration of Motions to Dismiss*
**GRANTED IN PART AND DENIED IN PART.**

Darrell J. Baker, Esquire, Darrell J. Baker, Esc., Wilmington, Delaware. Attorney for Plaintiffs Martin O. Willey and Amy J. Willey.

Nicholas G. Kondraschow, Esquire, Rhodunda, Williams & Kondraschow, Wilmington, Delaware. Attorney for Defendant Long & Foster.

Michael R. Smith, Esquire, The Smith Firm, LLC, Seaford, Delaware. Attorney for Defendants John W. Scott, Nicole D. Scott, and JWSBCS, LLC.

**BUTLER, R. J.**

## INTRODUCTION

This is a lawsuit concerning a home that Plaintiffs purchased in Delmar, Delaware. Plaintiffs claim the home was not as represented and have sued 1) the sellers, 2) the sellers' realtors, 3) the buyers' realtors, 4) a company called "Spicy Chicken," 5) a general contractor, and 5) the home inspection company that provided a report on the property. There are multiple motions to dismiss the Complaint as to particular defendants. This is the Court's ruling on the motions.

### 1. The Home Inspection Defendants are Dismissed

The Complaint alleges that the Home Inspectors failed to 1) note that the stairs going to the basement were different heights and 2) other "visible issues," including "untreated lumber exposed to weather, poorly installed/hung insulation,

improperly constructed sump pump well, and lack of appropriate inspection stickers for the electrical box as well as other matters."[1]

The Home Inspectors appended a copy of their Home Inspection Contract to their motion to dismiss, a practice not objected to by Plaintiffs.[2] The Inspection Contract included an arbitration provision along with an agreement to bring any claim to arbitration within one year.

Plaintiffs do not dispute the existence of the contract or the arbitration provision. Rather, Plaintiffs rely upon a single case – *Mason v. United Services Auto Association*.[3] to support the proposition that the Court should reform the home inspection contract. Plaintiffs say the home inspector was pushed upon them by the selling realtors and that they had no meaningful choice in choosing the inspector. They say the *Mason* case would support the proposition that the Court should reform the contract because "there was no alternative(s) to change any of the terms and/or

---

[1] D.I. 19 Amended Comp. ¶ 60 (Nov. 7, 2024), Trans. ID. 74966352 [hereinafter Amended Compl.].

[2] D.I. 40 Ex. 1 of Def. Gregory Shahady's Mot. to Dismiss and Compel Arbitration at 5-9 (Nov. 15, 2022), Trans. ID 75511609.

[3] 697 A.2d 388 (Del. 1997).

conditions"[4] and no consideration paid by Plaintiffs for shortening the statute of limitations or the arbitration provisions.

That is a lot to put on a single decision of the Court, but *Mason* says none of that. *Mason* was a decision interpreting a specific statutory provision, 18 Del. C. §3902. That Code provision requires insurance sellers to make a "meaningful offer" of additional uninsured motorist coverage to their insureds. It is auto insurance industry specific. Plaintiff offers no similar case in connection with home inspections, or even an argument why it should be extended to home inspectors, if it could. If Plaintiffs want to argue that the realtors pushed them into signing with this particular home inspector, that may say something about the realtors, but nothing about the home inspectors. There is no basis to keep the home inspectors in this lawsuit further. Their motion to dismiss will be granted.

## 2. The Long & Foster Defendants' Motion to Dismiss

The "Long & Foster Defendants" – which includes Long & Foster Real Estate, Inc., the "Maryland Group" of Long & Foster, the "Delaware Group" of Long & Foster, this LLC called "Spicy Chicken, LLC," the 2 individual sellers' agents and the 2 individual buyers' agents – move to dismiss.

---

[4] D.I. 40 Pls.' Answering Br. at 3 (Feb. 26, 2025), Trans. ID 75716968 [hereinafter Pls.' Answering Br.].

### a. As to Count 1 - the Breach of Contract Claim

These Defendants move to dismiss Count 1 alleging breach of contract because, they say, Plaintiffs did not allege what specific contract terms they are alleged to have breached. Plaintiffs do allege, in paragraph 31, that they signed an "Exclusive Right to Represent Buyer Agreement"[5] with the Brittinghams of Long & Foster. So, at least as to those Defendants, a contract is alleged, albeit without specific terms allegedly breached being identified.

Plaintiffs say the Brittinghams failed to "properly" review the home inspection report and to "properly" advise Plaintiffs on their options, but do not identify from where that duty arises. It may arise in the agreement they identify, it may arise in tort as a duty arising from the relationship between the buyer and their realtors. If discovery fails to produce a specific contract term breached by the Brittinghams, Count 1 will be dismissed as to them.[6] Plaintiffs have not identified any contract allegedly breached by the remaining Long & Foster Defendants, so the breach of contract claim as to them is dismissed.

---

[5] Amended Compl. ¶ 31.

[6] Count 2 of the Amended Complaint alleges Breach of Warranty and names Defendant John Scott, Nicole Scott and JWSBCS LLC. Because they have not moved to dismiss, Count 2 need not be discussed further. Amended Compl. ¶¶ 51-3.5

### b. As to Count 3 - The Negligence Claims

Count 3 alleging negligence contains a hodge podge of allegations against all of the Defendants. These Defendants essentially deflect the negligence allegations by not addressing them in this motion. Instead they say Plaintiffs "cannot make breach of fiduciary duty or negligence claims that merely repeat and reallege their breach of contract claims."[7] Fair enough, but it is not what this Amended Complaint does. And even if it did, Plaintiffs are not barred from arguing their case in the alternative, at least at the bare pleadings stage.

Plaintiffs frame their arguments in support of the Amended Complaint as grounded in the relationship between the buyers and their realtors, going so far as to term it a "fiduciary" relationship. Plaintiffs use the term "fiduciary" so routinely one might think we were dissecting a Chancery Court Complaint.

Well, we are not in Chancery Court, as Defendants point out. Causes of action predicated on a fiduciary relationship are grounded in equity and jurisdiction over such claims lies exclusively in the Chancery Court.[8] To the extent Plaintiffs

---

[7] D.I. 23 Long & Foster Defs.' Mot. to Dismiss at 4 (Dec. 9, 2024), Trans. ID 75178138.

[8] *See, e.g.*, *Reybold Venture Group Xi-A, LLC v. Atlantic Meridian Crossing, LLC*, 2009 WL 143107 (Del. Super. Jan. 20, 2009) (quoti*ng McMahon v. New Castle Assocs.*, 532 A.2d 601, 604 (Del. Ch. 1987)) ("Chancery takes jurisdiction over 'fiduciary' relationships because equity, not law, is the source of the right asserted."); *Prospect St. Energy, LLC v. Bhargava*, 2016 WL 446202, at *4 (Del. Super. Jan. 27, 2016) (citing *Dickerson v. Murray*, 2015 WL 447607, at *6–7 (Del. Super. Feb. 3, 2015)) ("Given the equitable nature of fiduciary duty claims, jurisdiction lies exclusively within the Chancery Court even where the relief sought is purely monetary."); *Clark*

seek relief based upon alleged fiduciary relationships, they are in the wrong Court, and they are dismissed.

The only allegation of negligence in the Amended Complaint against Long & Foster Defendants Barlow and Barr (the sellers' agents) is their failure to disclose "that Scott and JWSBCS, LLC, were essentially the same entity i.e. landowner, general contractor/contractor for the extensive structural and cosmetic improvements made to this house."[9] Notably, that does not set forth what duty of disclosure the sellers' agents had. Defendants argue that Delaware law does not impose a duty on the sellers' agent to "protect the interests of the buyer," citing *Lock v. Schreppler*,[10] a case which held merely that buyers have no private right of action under the "grounds for discipline" by the Delaware Real Estate Commission. Thus, at this point, the Court has not been cited any law refuting Plaintiffs' assertion that the sellers' agent owes a "first and foremost responsibility"[11] of disclosure to the buyer. While we suspect there is more to it than that, Defendants have not shown it to us. In order to succeed on a motion to dismiss, the movant must demonstrate clear

---

*v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 812 n.13 (Del. 2016) (held the Superior Court lacks subject matter jurisdiction over fiduciary duty claims).

[9] Amended Compl. ₱ 58.

[10] 426 A.2d 856, 864 (Del. 1981).

[11] Pls.' Answering Br. at 10.

entitlement to judgment.[12]  In the absence thereof, the motion to dismiss will be denied.

### c. The "Spicy Chicken" Problem.

The Amended Complaint alleges that "Defendant Spicy Chicken LLC dba The Maryland and Delaware Group of Long and Foster (individually and collectively Long) is a limited liability company organized under the laws of the State of Maryland." [13] At paragraph 20, Plaintiffs say only that Spicy Chicken LLC "had an ownership interest in the Maryland and Delaware Group of Long & Foster LLC."  Plaintiffs claim that the sellers' agents and the buyers' agents were each acting as employees of Long & Foster, but there is no allegation that they were employed by Spicy Chicken, that Spicy Chicken may be held liable under the doctrine of *respondeat superior*, or that Spicy Chicken breached any contract or committed any act of negligence.  There is no claim that the individual members of the Spicy Chicken LLC may be held personally liable notwithstanding the LLC entity and merely holding an ownership interest in a potentially liable party is not sufficient to state a claim.  Even if one could be asserted, "piercing the corporate

---

[12] "On a motion to dismiss, the moving party bears the burden of demonstrating that 'there are no material issues of fact and that he is entitled to judgment as a matter of law.'" *Two Farms, Inc. v. Davis, Bowen & Friedel, Inc.*, 2018 WL 6721379, at *2 (Del. Super. Dec. 19, 2018) (quoting *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000)).

[13] Amended Compl. ⁋ 9.

veil" is a function of equity and Superior Court is without jurisdiction to do so.[14] Spicy Chicken LLC will be dismissed.

### 3. Motion to Dismiss of John and Nicole Scott and JWSBCS, LLC.

The Court has reviewed the pleadings and finds that the Plaintiffs, aided in no small part by the modest pleading standards of a "notice" complaint, and the relatively demanding standard of review on a motion to dismiss, have pled sufficient facts to survive a motion to dismiss.

The Court understands the gist of the Complaint to be that the Scotts purchased this home in May, 2022 and, at the time, it was a true "fixer upper." It was advertised for sale with 3 bedrooms, 1 bath, 1250 square feet and no electricity. The Scotts purchased the home and, by November, 2022, it was listed with Long & Foster as having 4 bedrooms, 3 ½ bathrooms and 2475 square feet. A "Seller's Disclosure" form was filled out, noting that not all work that was done had been permitted, but it does not appear that disclosure prompted further questions or thwarted the sale.

Sometime after the sale, the Plaintiffs engaged a building engineering report, which catalogued a number of construction deficiencies. The engineering report concludes with:

---

[14] *See generally Cale Johnson Construction, Inc., v. Bucher*, 2025 WL 635756 at *3 (Del. Super. Feb. 27, 2025) (citing *Yu v. GSM Nation, LLC*, 2018 WL 2272708 at *6 (Del. Super. Apr. 24, 2018)).

In summary, there was a lot of construction performed without a permit and without some selective demolition, there is no way to tell if everything is to code. Also since the renovations/additions are more than 50% of the original area, per the IEBC, the entire home should have been brought up to code. If these renovations/additions had been done through proper channels, most of the aforementioned issues may have been resolved prior to construction.[15]

This report notwithstanding, Defendants would have the Court dismiss the Amended Complaint. The Court will address these arguments in reverse order.

### a. The Negligence Claim

Defendants say the economic loss doctrine bars Plaintiffs claims sounding in negligence. The economic loss doctrine bars the use of tort damages to recompense what is essentially a contract claim for which contract damages apply.[16] To support this, Defendants say, "Plaintiffs negligence claims are indistinguishable from the unfounded breach of contract claims that are contained in the Complaint."[17]

Defendants want the Court to close the courthouse door to Plaintiffs' negligence claims because, they say, Plaintiffs have a lousy contract claim. The Rules are not to be read so restrictively and a plaintiff may plead alternative theories

---

[15] D.I. 37 Exhibit D to Pls' Answering Br. at 30 (Jan. 20, 2025), Trans. ID 75471660.

[16] *Edelstein v. Goldstein*, 2011 WL 721490, at *7 (Del. Super. Mar. 1, 2011) (citing *Sea Star Line, LLC v. Emerald Equipment Leasing, Inc.,* 2006 WL 214206, at *9 (D. Del.2006)).

[17] D.I. 30 Defs.' John Scott, Nicole Scott, and JWSBCS Opening Br. at 11 (Dec. 23, 2024), Trans. ID 75290871 [hereinafter Defs.' John Scott, Nicole Scott, and JWSBCS Mot. to Dismiss Opening Br.].

of relief at the Complaint stage. Summary judgment is a different story, to be told after discovery has been taken and the dispute comes into sharper focus. It may well be that the economic loss doctrine bars some relief Plaintiffs seek, but it cannot be used to bar the Complaint before it has been given its day.

### b. The Breach of Warranty Claim

The Amended Complaint says that "Defendant Scott breached their warranty of the condition of the house as well as their Contract of Sale, Seller's Disclosure form and Owner's Affidavit."[18] Plaintiffs do not further elucidate what "warranty of the condition of the house" they are referring to or what the "Contract of Sale, Seller's Disclosure form and Owner's Affidavit" warrant upon which a breach may lie.

For example, the Agreement of Sale, appended to the Complaint, states expressly that there are no warranties after settlement unless specifically identified.[19] And none are identified. So there is no "breach of warranty" that can be asserted under the "Contract of Sale." The Seller's Disclosure form is appended to Plaintiffs Complaint, may well be a representation, but it states that it is 'not a warranty of any kind by the Seller or any Agents or Sub-Agents representing Seller or Buyer." So,

---

[18] Amended Compl. ⫿ 49.

[19] Ex. B ⫿ 19 of Amended. Compl.

again, Plaintiffs cannot claim breach of warranty under the Disclosure form as there was no warranty.

As to the "Owner's Affidavit," it is not appended to the Complaint or otherwise in these pleadings. Defendants assert that "title to the Property is not at issue and the Owner's Affidavit has nothing to do with the condition of improvements on the Property."[20] This leads the Court to believe the Owner's Affidavit has something to do with the title, which is not at issue and may explain why it is not before the Court. If those assumptions are correct, it is not a warranty concerning the conditions of the property and therefore Count 2 charging breach of warranties will be dismissed.

### c. Breach of Contract as to Sellers

#### 1. JWSBCS LLC

Defendants urge that Plaintiffs have made no *bona fide* claim against JWSBCS, LLC.[21] The LLC is not listed as an owner on any of the documents reflecting the purchase and sale of the property, at either end. Plaintiffs say the LLC "on information and belief" is a contracting company owned or controlled by Defendant

---

[20] Defs.' John Scott, Nicole Scott, and JWSBCS Mot. to Dismiss Opening Br. at 10.

[21] *Id.* at 8.

John W. Scott. Plaintiffs seem to believe that the company did some or perhaps all of the renovation work on the property that is now the subject of dispute. But Plaintiffs do not allege that JWSBCS had any contractual relationship with Plaintiffs and no claim of breach of any contract can lie.[22] There can thus be no breach of contract claim as to JWSBCS.

Plaintiffs also allege that JWSBCS was negligent in that it failed to apply for building permits or comply with local building codes.[23] This all assumes, of course, that JWSBCS was involved in the renovation work to the property – a fact directly contested by JWSBCS. At the motion to dismiss stage, we are required to take Plaintiffs at their word and leave it to discovery to determine further.[24] The Court presumes that the involvement of JSWBCS can be resolved without a lot of fanfare and, if it was not involved in the renovation, the Court will ensure it is dismissed in due course.

---

[22] *Id.* at 8-9.

[23] Amended Compl. ¶ 54.

[24] *L & R Saunders Assoc. d/b/a Radiology Pros. v. Bank of Am.*, 2012 WL 4479232, at *3-5 (Del. Super. Sept. 12, 2012); *ANI Pharms., Inc. v. CG Oncology, Inc.*, 2024 WL 4986509, at *9, n.117 (Del. Super. Nov. 18, 2024) (quoting *Chester Cnty. Employees' Ret. Fund v. KCG Holdings, Inc.*, 2019 WL 2564093, at *10 (Del. Ch. June 21, 2019)) (A motion to dismiss should be denied "when developing the factual record may be necessary.").

## 2. Seller Defendants

Having catalogued some of the history of the property as it transitioned from unelectrified, 1,200 square foot space to its present state, and the engineering report secured too long after closing, it is fair to surmise that something went wrong and Plaintiffs should be permitted to take discovery to learn more.[25]  Whether it was by way of representation, sounding in tort, or by way of contract, the Court need not pin down at this stage. Plaintiffs' claims seem more of the tortious variety, but at the pleading stage, the Court is not prepared to sheer Plaintiffs from a contract theory of relief if it can be sustained. Defendants make a fairly convincing case that if Plaintiffs are to find relief in contract, they have not yet done so.[26] But this is a motion to dismiss and the Court has decided that the case will survive to discovery at least on negligence claims as to some Defendants. It would seem there is little added or lost to allowing discovery on the contract claims as to the sellers and the Court will therefore deny the motion to dismiss the contract claims against the sellers. I expect we will revisit the issues again after Plaintiffs have obtained

---

[25] *Doe v. Bayhealth Medical Center, Inc.*, 2025 WL 1010403, at \*14 (Del. Super. Apr. 4, 2025) (at the motion to dismiss stage, held plaintiff should have the opportunity to develop claims in discovery).

[26] Defs.' John Scott, Nicole Scott, and JWSBCS Mot. to Dismiss Opening Br. at 4-10.

discovery, at which point the Court will be better positioned to decide whether Plaintiffs' dispute may proceed to a trial.

**IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge
