# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| In the Matter of the Estate of | : | |
| | : | |
| Lila Mae Childres | : | C.A. No. 2018-0462 PWG |
| | : | |

## ORDER

WHEREAS, Petitioners Rodney Lee Kirk ("Kirk") and Cynthia Ann Goertz (together "Petitioners"), children of Lila May Childres ("Decedent"), filed a Petition ("Petition") for an Accurate Accounting of Decedent's Estate by Executor on June 27, 2018. Charisse Suzanne Stanley ("Executrix"), Petitioners' sister and Decedent's daughter, filed an Answer to the Petition on August 14, 2018;

WHEREAS, Executrix filed an inventory of the Estate on May 16, 2018 and the first accounting of the Estate on May 31, 2019, and Petitioners filed exceptions to the inventory on August 5, 2019 and exceptions to the first accounting on August 9, 2010;

WHEREAS, Petitioners filed motions for production of the will, to compel discovery, and to grant relief on claims against the Estate between October of 2018 and July of 2019. The Executrix filed a motion to compel and for sanctions in August of 2019;

WHEREAS, on September 12, 2019, a hearing was held on all of the motions. At that hearing, Petitioners' motions for production of the will, to compel discovery and to grant relief on claims against the Estate, were denied; Executrix's

motion to compel discovery was granted, but her request for attorneys' fees was denied. The Court determined a trial will be held on the consolidated claims in the Petition and the exceptions to the inventory and first accounting;

WHEREAS, the parties participated in mediation on February 10, 2020, which was unsuccessful;

WHEREAS, on February 20, 2020, Kirk filed a motion ("Motion") to amend the Petition to add claims of embezzlement and fraud by the Executrix and Decedent, and to challenge Decedent's Last Will and Testament ("Will"). Kirk asserts that Decedent committed embezzlement, beginning in 1958, which continued with Executrix's actions during Decedent's lifetime, and that Executrix committed fraud through "the deceptions, the delays, the doubt" that she has displayed while performing her duties. Kirk also alleges Executrix's "greed and undue influence (coercion), caused the rewriting of the will" by Decedent in August of 2014;[1]

WHEREAS, Executrix, in her response on February 26, 2020, asks the Court to deny the Motion, because Kirk has not complied with the requirements of Rule 15(a) and has not plead the fraud and embezzlement claims with particularity as required by Court of Chancery Rule 9; and amending the Petition to add allegations of embezzlement and fraud related to Kirk's share of his late father's

---

[1] Docket Item ("D.I.") 44.

estate is contrary to the law of the case. Further, Executrix argues Kirk fails to provide facts supporting the accusations of coercion and undue influence that he alleges caused Decedent to rewrite her Will, or to support the relation back of those claims in the amended petition to the original petition (because the challenge to the validity of the Will is time-barred);

WHEREAS, to amend a pleading after a responsive pleading has been served, the Court determines whether the amendment is permitted under Court of Chancery Rule 15(a). Leave to amend "shall be freely given when justice so requires."[2] Motions to amend a pleading are committed to the sound discretion of the judge.[3] "In exercising that discretion, the Court considers certain factors, which include bad faith, undue delay, dilatory motive, repeated failures to cure by prior amendment, undue prejudice, and futility of amendment."[4] A motion to amend will be denied if the amendment would be futile.[5] A "motion for leave to amend a complaint is futile where the amended complaint would be subject to

---

[2] Ct. Ch. R. 15(a).

[3] *Cf. Ross Holding & Mgmt. Co. v. Advance Realty Grp., LLC*, 2010 WL 3448227, at *2 (Del. Ch. Sept. 2, 2010); *Fields v. Kent Cty.,* 2006 WL 345014, at *4 (Del. Ch. Feb. 2, 2006).

[4] *Fields,* 2006 WL 345014, at *4; *see also Ross Holding & Mgmt. Co.*, 2010 WL 3448227, at *2.

[5] *Cf. Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 811 (Del. 2016); *NACCO Indus., Inc. v. Applica Inc.*, 2008 WL 2082145, at *1 (Del. Ch. May 7, 2008) ("A motion to amend may be denied, however, if the amendment would be futile, in the sense that the legal insufficiency of the amendment is obvious on its face").

dismissal under Court of Chancery Rule 12(b)(6) for failure to state a claim."[6] Thus, for a motion to amend, as with a motion to dismiss, all well-pled allegations in the amendment are assumed true and the moving party receives the benefit of all reasonable inferences.[7] However, conclusions in the amended complaint are not accepted as true without allegations of specific facts to support them.[8] To determine whether Kirk's amended petition should be permitted, I address whether his claims in the amendment are futile. Assuming that all well-pled facts in the amended petition are true, I determine whether he would be entitled to recover under any reasonably conceivable set of circumstances inferred from that petition;

WHEREAS, Kirk's equitable claims of embezzlement in the amended petition appear to relate to Decedent's handling of Kirk's father's estate in 1958 because Decedent allegedly unjustly enriched herself by keeping funds from that estate for herself, rather than giving them to Kirk and his siblings, who were

---

[6] *Clark*, 131 A.3d at 811-12 (citation omitted); *Ross Holding & Mgmt. Co.,* 2010 WL 3448227, at *2 ("the proposed amended complaint is subject to the same familiar standard as a motion to dismiss"); *In re Transamerica Airlines, Inc.*, 2006 WL 587846, at *2 (Del. Ch. Feb. 28, 2006).

[7] *See generally Prairie Capital III, LP v. Double E Holding Corp.,* 132 A.3d 35, 49 (Del. Ch. 2015) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 897 (Del. 2002)); *FS Parallel Fund LP v. Ergen*, 2004 WL 3048751, at *2 (Del. Ch. Nov. 3, 2004), *aff'd,* 879 A.2d 602 (Del. 2005); *Litman v. Prudential-Bache Properties, Inc.*, 1994 WL 30529, at *2 (Del. Ch. Jan. 14, 1994), *aff'd,* 642 A.2d 837 (Del. 1994).

[8] *Cf. In re Tri-Star Pictures, Inc., Litig.*, 634 A.2d 319, 326 (Del. 1993); *Litman*, 1994 WL 30529, at *3.

minors at that time.[9] This claim was one of the claims brought before the Court in Petitioners' motion to grant relief on claims against the Estate, which was heard by the Court on the September 12, 2019, and denied. "The 'law of the case' is established when a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation."[10] Accordingly, the law of the case applies to bar Kirk's embezzlement claim for Decedent's handling of his father's estate in 1958.[11]

In addition, Kirk alleges that Executrix embezzled Decedent's assets while Decedent was alive, but fails to provide any factual allegations to support that claim. I find Kirk would not be entitled to recover on his embezzlement claims under any reasonably conceivable set of circumstances inferred from the amended petition, so the claims would be dismissed under Rule 12(b)(6) and the motion to amend to add the embezzlement claims would be futile;

---

[9] The elements of unjust enrichment are: "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *B.A.S.S. Grp., LLC v. Coastal Supply Co.*, 2009 WL 1743730, at *6 (Del. Ch. June 19, 2009) (citation omitted).

[10] *Frederick-Conaway v. Baird*, 159 A.3d 285, 296 (Del. 2017) (citation omitted).

[11] Further, this type of claim would need to be filed in the jurisdiction where the Estate was administered, which was not Delaware. The overriding difficulty with this claim is that it involves the administration of an estate that occurred more than 60 years ago (and, even though Kirk was a minor at that time, more than 47 years have passed since Kirk reached the age of majority). In Delaware, such a claim would be time-barred by the statute of limitations and laches, given the circumstances. *See generally Reid v. Spazio,* 970 A.2d 176, 182 (Del. 2009)("[laches] is generally defined as an unreasonable delay by the plaintiff in bringing suit after the plaintiff learned of an infringement of his rights, thereby resulting in material prejudice to the defendant").

WHEREAS, Kirk's alleges Executrix committed fraud in the amended petition through "the deceptions, the delays, the doubt" she displayed while performing her duties in administering the Estate. The elements of equitable fraud are similar to the elements of common law fraud, except that proof of scienter – requiring that the person committing fraud acted knowingly or recklessly – is not necessary to obtain relief.[12] The party claiming equitable fraud needs to show either a special relationship between the parties such as a fiduciary relationship, or other justification for an equitable remedy.[13] To state a claim for common law fraud, Kirk must plead facts supporting an inference that: (1) Executrix falsely represented or omitted facts that she had a duty to disclose; (2) she knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) she intended to induce Kirk to act or refrain from acting; (4) Kirk acted in justifiable reliance on the representation; and (5) Kirk was injured by his reliance.[14] In addition, under Court of Chancery Rule 9(b), fraud must be plead with particularity. To satisfy Rule 9(b), the factual circumstances of the fraud in the petition must "refer to the time, place, and contents of the false representations; the facts misrepresented; the identity of the

---

[12] *Zebroski v. Progressive Direct Ins. Co.,* 2014 WL 2156984, at *7 (Del. Ch. Apr. 30, 2014); *Grzybowski v. Tracy*, 2013 WL 4053515, at *6 (Del. Ch. Aug. 9, 2013), *judgment entered,* (Del. Ch. 2013).

[13] *Zebroski*, 2014 WL 2156984, at *7.

[14] *Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*, 906 A.2d 168, 207 (Del. Ch. 2006), *aff'd sub nom. Trenwick Am. Litig. Tr. v. Billett*, 931 A.2d 438 (Del. 2007).

person(s) making the misrepresentation; and what that person(s) gained from making the misrepresentation."[15] Kirk's fraud claim fails to provide factual allegations to satisfy either the reasonable conceivability pleading standard or Rule 9(b)'s heightened pleading standard. To support his claim, Kirk alleges that Executrix did not provide responses to discovery requests, but offers no other evidence. Since Kirk's claim about discovery responses was previously addressed by the Court when his motion to compel discovery was denied, the "law of the case" would apply to prevent reconsideration of that issue, and Kirk's motion to amend his petition to add a fraud claim would be futile;

WHEREAS, Kirk also seeks to amend his petition to challenge the validity of Decedent's Will by alleging that Executrix used coercion and undue influence to cause Decedent to rewrite her Will. Under Delaware law, all will contests start with the presumption that a testator had the capacity to make a will at the time it was made."[16] "The party challenging testamentary capacity bears the burden of proving that the decedent was legally incapable of executing a valid will."[17] Similarly, the challenger "carries the burden of proving that the will was a product

---

[15] *Id.* (citing Ct. Ch. R. 9(b)); *see also Zebroski*, 2014 WL 2156984, at *7.

[16] *In re Justison*, 2005 WL 217035, at *6 (Del. Ch. Jan. 21, 2005); *see also In re Baran*, 2017 WL 2491517, at *5 (Del. Ch. May 26, 2017); *In re Langmeier*, 466 A.2d 386, 389 (Del. Ch. 1983).

[17] *In re Justison*, 2005 WL 217035, at *6; *see also In re Baran*, 2017 WL 2491517, at *5; *In re Langmeier*, 466 A.2d at 389.

of undue influence."[18]  The essential elements of undue influence are: "(1) a susceptible testator; (2) the opportunity to exert influence; (3) a disposition to do so for an improper purpose; (4) the actual exertion of such influence; and, (5) a result demonstrating its effect.[19]

Kirk asserts that Executrix moved into Decedent's home in June of 2014 causing Decedent to change her Will.  Decedent executed her Will on August 20, 2014.  Those acts, in and of themselves, do not support a claim of undue influence or coercion.  Kirk provides no factual allegations to support his claim.  Moreover, under Delaware law, Kirk had six months after the Will was admitted to probate to challenge the validity of the Will.[20]  The Will was admitted to probate on April 13, 2018 and Kirk filed the Motion on February 20, 2020 – 16 months after the time to challenge the Will had expired.  For the amendment to relate back to the original petition, Kirk must show that one of the conditions in Rule 15(c) has been met, and he has not done so.[21]  Therefore, Kirk has not met the reasonable conceivability

---

[18] *In re Justison*, 2005 WL 217035, at *6.

[19] *In re Estate of W.*, 522 A.2d 1256, 1264 (Del. 1987).

[20] 12 *Del. C.* § 1309; *see, e.g., In re Skinner,* 1995 WL 694461, at *2 (Del. Ch. Sept. 25, 1995).

[21] The applicable statute of limitations, 12 *Del. C.* § 1309, would not permit the relation back. *Moore v. Graybeal*, 1989 WL 17430, at *4 (Del. Ch. Feb. 24, 1989), *aff'd,* 567 A.2d 422 (Del. 1989) "[12 *Del. C.* § 1309] is clear and unambiguous. It is a special statute of limitations as to wills.  Any person seeking a review of an instrument proven as a will shall, within 6 months after the proof of the will, file a petition seeking the review.").  The undue influence claim did not arise out of the same conduct, transaction or occurrence that the original Petition's Estate accounting claim did, and there is no evidence that any of the other conditions in Rule 15(c) apply.

pleading standard for his challenge of the validity of the Will, and the motion to amend his petition to challenge the Will would be futile;

AND NOW, therefore, on this 25th day of March, 2020, IT IS HEREBY ORDERED THAT Kirk's Motion to Amend the Petition is DENIED.[22]

/s/ Patricia W. Griffin
Master Patricia Griffin

---

[22] This Order is deemed a final Master's report under Court of Chancery Rule 143 and exceptions can be taken under Court of Chancery Rule 144.