# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH SACCO TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N24C-10-049 FJJ |
| v. | ) | |
| | ) | |
| NEPTUNE GLOBAL HOLDINGS, | ) | |
| LLC, DILLON GAGE | ) | |
| INTERNATIONAL TRADING, | ) | |
| INC. d/b/a DILLON GAGE | ) | |
| METALS; and FEDERAL | ) | |
| EXPRESS CORPORATION, | ) | |
| Defendants. | ) | |

Submitted: June 3, 2025
Decided: June 5, 2025

## <u>OPINION AND ORDER</u>

***On Defendant Neptune Global Holdings' Motion for Judgment on the Pleadings***
**GRANTED**

***On Plaintiff, Joseph Sacco Trust's Motion to Amend the Complaint***
**DENIED**

*Anthony N. Delcollo, Michael K. DeSantis*, and *Bradley T. Meyer*, Esquires, Offit Kurman, P.A., Wilmington, Delaware, *Attorneys for Plaintiff.*

*Carl D. Neff* and *Maura L. Burke*, Esquires, Pierson Ferdinand LLP, Wilmington Delaware, *Kenneth Thompson, Jr.*, (Pro Hac Vice) Esquire, Pierson Ferdinand, LLP, Atlanta, Georgia, *Attorneys for Defendant Neptune Global Holdings, LLC.*

**JONES, J.**

## INTRODUCTION

Defendant Neptune Global Holdings ("Neptune") brings the instant Motion for Judgment on the Pleadings.[1] The Motion arises from Plaintiff Joseph Sacco Trust's ("Plaintiff") claims against Neptune and two other named defendants, Dillon Gage Metals and Federal Express Corporation. The basis of the claims is Plaintiff's allegation that it did not receive multiple shipments of gold and silver bullion coins after Neptune agreed to ship the coins to Plaintiff's address. Neptune maintains the coins were shipped and signed for; however, Plaintiff contests this representation.[2] Plaintiffs filed a Motion to Amend the Complaint.[3] The Court has considered the full briefing and oral argument of both parties. This is the Court's decision on both Motions.

## PROCEDURAL HISTORY

Plaintiff initially filed these claims in Suffolk County, New York. Neptune filed a Motion to Dismiss in April 2021. The Court granted the Motion on March 9, 2022 for lack of subject matter jurisdiction due to the fact that the parties' contract had a provision requiring that all disputes be brought in a Delaware court.[4] Plaintiff filed its Complaint in this Court on October 4, 2024.[5] The Complaint brought

---

[1] Docket Item ("D.I.") 23.
[2] D.I. 30 p.2-3.
[3] D.I. 30.
[4] D.I. 23 Exhibit (Ex.) A.
[5] D.I. 1.

multiple claims against Neptune including Counts I (Breach of Contract), II (Promissory Estoppel), III (Unjust Enrichment), and VI (Common Law Fraud).

## STANDARD OF REVIEW

Delaware Superior Court Civil Rule 12(c) allows any party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial."[6] The standard of review for a motion for judgment on the pleadings is "almost identical" to that of a motion to dismiss.[7] Thus, "the Court must accept all the complaint's well-pled facts as true and construe all reasonable inferences in favor of the non-moving party."[8] A court will grant a motion for judgment on the pleadings "where there are no disputed facts and the moving party is entitled to judgment as a matter of law."[9]

## DELAWARE'S STATUTE OF LIMITATIONS

Under 10 *Del. C.* §8106, "no action based on a promise . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action."[10] Delaware case law holds "[t]he statute of limitations begins to run when a plaintiff's claim accrues, which occurs at the moment of the wrongful act and not when the effects of the act are felt," and "in cases of fraud, the cause of action accrues when

---

[6] Del. Super. Ct. Civ. R. 12(c).
[7] *Blanco v. AMVAC Chemical Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012).
[8] *Id.*
[9] *Id.*
[10] 10 *Del. C.* § 8106.

3

the fraud is successfully perpetrated."[11]

## ANALYSIS

Plaintiff's actions accrued in late August 2020, when Neptune maintains the coins were successfully delivered yet Plaintiff contends they were not.[12] No later than April 2021, when Neptune filed a motion to dismiss in the New York Court, Plaintiff was aware that Neptune believed the exclusive jurisdiction for the case was Delaware based on a contractual provision between the parties. As noted above, Plaintiff filed its Complaint with this Court on October 4, 2024, exceeding the three-year limitations.

Plaintiff argues Delaware's equitable tolling doctrine applies because "Plaintiff reasonably relied upon its counsel to file the New York Complaint in the appropriate forum," and that it "would be inequitable and unfair to allow the statutes to lapse despite Plaintiff's reasonable efforts and reliance on its fiduciary in filing the New York suit."[13] The New York suit was dismissed in March 2022, therefore Plaintiff had over a year to file in Delaware before the statute ran out. If the Court allowed equitable tolling to apply in this case, then this would happen in every case where a lawyer missed the filing deadline. Clearly, this result would frustrate the purpose of the statute of limitations doctrine.

---

[11] *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *6 (Del. Super. Feb. 15, 2013).
[12] D.I. 23 p.2.
[13] D.I. 30 p. 8-9.

4

Plaintiffs maintain that the New York Court's dismissal of Plaintiff's case in its Court is not crystal clear. This Court disagrees. Any reasonable review of the transcript from March 9, 2022 makes it well understood that Neptune's Motion to Dismiss was granted on jurisdictional grounds. The New York Court indicated in its verbal decision:

> The Court, after considering the oral arguments, reading the papers submitted on the motions, hereby determines that Neptune's application to dismiss the complaint is granted for lack of subject matter jurisdiction. The Court's finding that the account agreement selects venue and the Court is obliged to enforce that provision of that part of the contract.[14]

Plaintiff argues under New York's Uniform Civil Rules for the Supreme Court and the County Court, Section 202.48 that the Court abandoned its oral dismissal order because the rule "requires that proposed judgements must be settled or submitted on notice by signature or other directed by the court, within 60 days after the signing and filing of a decision directing that the order be settled or submitted."[15] If this is not done timely, then New York's Uniform Civil Rules "deems abandonment of the motion or action, unless for good cause shown."[16] However, New York case law holds "[t]hese provisions are not applicable where the decision does not explicitly direct that the proposed judgment or order be settled or submitted

---

[14] D.I. 23 Ex. A 3:5-14.
[15] D.I. 30 p.9 (citing N.Y. Ct. R. 202.48(a)).
[16] N.Y. Ct. R. 202.48(b).

for signature."[17]  At oral argument, Plaintiff maintained that the New York Court granted dismissal on March 9, 2022 and removed the matter from the Court's electronic docket on June 14, 2024.

Despite the date the New York order was finalized, whether it was in 2022 or 2024, Plaintiff was on inquiry notice of the forum selection clause directing litigation to be filed in the Delaware Courts by April 2021 when Defendant filed its Motion to Dismiss on this issue in the New York Court.  Even if the statute of limitations did not begin to run until this date, Plaintiff did not file its Complaint in this Court until August 2024 – months past the three-year statute of limitations.

Plaintiff has moved to amend his answer to assert the doctrine of equitable tolling. Where the amendment would be futile, this Court MUST deny a plaintiff's application to amend the complaint.[18]  As explained above, any amendment to assert the doctrine of equitable tolling would be futile.  Therefore, plaintiff's motion to amend his complaint be and hereby is **DENIED**.

---

[17] *U.S. Bank, N.A. v. Royal*, 231 A.3d 994, 995-96 (N.Y. App. Div. 2024) (quoting *LaSalle Bank N.A. v. Benjamin*, 164 A.3d 1223, 1225 (N.Y. App. Div. 2018)).
[18] *Clark v. State Farm Mutual Automobile Insurance Company*, 131 A.3d 806 (Del. 2016).

For the above reasons, the Court **GRANTS** Neptune's Motion for Judgment on the Pleadings and **DENIES** the Motion to Amend the Complaint.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:   Counsel of Record via *File&ServeXpress*