# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAWRENCE BRITT DAVIS,    )
    )
    Appellant,    )
    v.    )    **C.A. No. S20A-12-005-FJJ**
    )
    )
**DEPARTMENT OF SAFETY**    )
**AND HOMELAND SECURITY,**    )
**DIVISION OF CAPITOL**    )
**POLICE, and THE MERIT**    )
**EMPLOYEE RELATIONS**    )
**BOARD,**    )
    )
    Appellees.    )

## ON APPEAL FROM A DECISION OF THE
## MERIT EMPLOYEE RELATIONS BOARD

**SUBMITTED: April 5, 2021**
**DECIDED: April 28, 2021**

## <u>OPINION AND ORDER</u>

## AFFIRMED

*Michelle D. Allen, Esquire* and *Emily A. Biffen, Esquire,* Allen & Associates, 4250 Lancaster Pike, Suite 230, Wilmington, DE 19805 for appellant.

*Victoria R. Sweeney, Deputy Attorney General*, Office of the Attorney General, 820 N. French Street, 6th floor, Wilmington, Delaware for Delaware Department of Safety and Homeland Security, Division of Capitol Police.

*Ilona M. Kirshon, Deputy Attorney General*, Office of the Attorney General, 820 N. French Street, 6th floor, Wilmington, Delaware for the Merit Employees Relations Board.

**Jones, J.**

Appellant currently serves as the Operations Commander for Southern Operations for the Department of Safety and Homeland Security. On or about August 26, 2019 Appellant received an email from his supervisor regarding changes to staffing levels at certain locations. Appellant disagreed with those changes and reached out to his supervisors via email. Appellant, within 24 hours of being noticed of the change and before his supervisors had responded to him, reached out to certain administrative personnel of the effected agencies to advise of his concerns with these changes. As a result of these actions the Capitol Police determined that Appellant's actions violated its polices and rules of conduct. Specifically, the Capitol Police determined that appellant's action violated two provisions of the Delaware Capitol Police Policy Manual, Rules of Conduct: Dissemination of Information and Conduct Unbecoming. Initially, Capitol Police recommended a written reprimand of the Dissemination of Information violation and a one-day, unpaid suspension for Conduct Unbecoming violation. The Department held a pre-decision meeting with Appellant on October 2, 2019. Following this meeting, the Capitol Police reduced the one-day, unpaid suspension for the Conduct Unbecoming violation to a written reprimand and the written reprimand of the Dissemination of Information violation to a verbal counseling. Appellant challenged the disciplinary action and filed a merit employee grievance alleging that Capitol Police violated Merit rule 12.1 and 12.2. Appellant argued that given his work history[1] a verbal counseling would have been sufficient action.

---

[1] By all accounts appellant's 15 year work history had been exemplary. Before the instant action appellant had never been disciplined and had received a "Distinguished" performance rating just three months prior on August 12, 2019.

Appellant's grievance proceeded through the three step merit system grievance hearing process and was denied at all three steps. Appellant appealed the Step 3 decision to the Merit Employee Relations Board (MERB) on March 25, 2020. On October 5, 2020 Appellant sought to amend his appeal to the MERB by adding claims alleging that he did not receive a timely response to his grievance at Step 2 and Step 3 as required by Merit rules 18.7 and 18.8. On October 15, 2020 the MERB hearing went forward. At the beginning of the hearing the MERB heard argument on the motion to amend. The MERB denied this motion and proceeded immediately to the hearing on the merits. The MERB issued its written decision and order on November 17, 2020 concluding that Capitol Police "had sufficient reason to impose accountability, that the Grievant was afforded due process protections, and that the written reprimand issued to the Grievant was appropriate considering all of the circumstances in this case." A timely notice of appeal was filed with this Court. Briefing has been completed. This is the Court's decision on Appellee's appeal. The Court affirms the November 17, 2020 MERB decision because it is free from legal error and there is substantial evidence to support the decision.

## STANDARD OF REVIEW

In an appeal from a decision of an administrative board, this Court must determine whether the board's decision is supported by substantial evidence and free from legal error.[2] The scope of review is limited to correcting errors of law and assessing whether the board's findings of fact and conclusions of law are supported by substantial evidence in

---

[2] *Olney v. Cooch,* 425 A.2d 610, 613 (Del. 1981); *UIAB v. Duncan*, 337 A.2d 308 (Del. 1975).

the record.[3]  Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[4]  When the issue on appeal is whether 'proper legal principles have been applied, the Court's review is *de novo*.[5]  This standard and scope of review applies to decisions of the MERB.[6]

## ANALYSIS

Appellant's first contention on appeal is that the MERB committed legal error when it denied Appellant's Motion to Amend his grievance to include violations of Merit Rules 18.7 and 18.8.  Under Merit Rule 18.7 at Step 2 of the grievance procedure Appellant was entitled to a response to his grievance within 30 days.  Appellant did not receive his response within 30 days.  However, under Merit Rule 18.4 "failure of the employing agency to comply with time limits shall automatically move the grievance to the next step."  While it did not occur until after the Step 2 decision was issued,  Appellant had a Step 3 grievance.  Appellant's request that his appeal be dismissed because of the untimeliness of the decision is not the remedy provided by the merit rules for this error.  The Merit rules provide that the grievance shall proceed to the next step where the Step 2 decision is late.  Appellant had a Step 3 grievance and had every opportunity, and did in fact, present his case at the Step 3 legal.  On these facts the MERB did not abuse its discretion in denying

---

[3] *Tulou v. Ratheon Services Co.,* 659 A.2d 796, 802 (Del. Super. 1995).
[4] *Oceanport Indus. v. Wilmington Stevedores,* 636 A.2d 892, 899 (Del. 1994)
[5] *Johnson Controls v. Fields*, 758 A.2d 506, 509 (Del. 2000).
[6] *Ward v. Department of Elections*, 2009 WL 22244413 (Del. 2009).

the motion to amend on this basis and its decision does not constitute legal error because the remedy for failure to issue a timely Step 2 decision occurred.[7]

Appellant next complains that he is entitled to dismissal because he did not receive the Step 3 response within 45 days as required by Merit Rule 18.8. The Merit Rules do not provide for a dismissal of a complaint where the issuance of a decision is untimely. The rules are designed to ensure that an employee receives due process. Appellant did receive his Step 3 decision, although untimely. Additionally, the Appellant was able to fully present his grievance to the MERB. Since Appellant had a full and fair opportunity to present his case at every step of the grievance procedure which included a full and fair hearing before the MERB, the decision of the MERB to deny Appellant's motion to amend was not arbitrary or capricious and did not constitute legal error.

Appellant next claims that there was not substantial evidence to support the decision to issue a written reprimand. First, to the extent that Appellant is claiming that there was not substantial evidence to support a finding of Conduct Unbecoming that claim has been waived. During the hearing Appellant made it clear that he was "only going forward and grieving as to the discipline being too severe and confirmed "he's not challenging the just cause of the conduct unbecoming.[8,9] This is supported by the evidence adduced at the

---

[7] *Clark v. State Farm Mut. Auto Ins.* Co., 131 A.3d 806, 811 (Del. 2016).
[8] Record at pages 36-37; 85-86.
[9] Even if this point had not been conceded grievant admitted that he knew his conduct was wrong (rec. at 171).

5

hearing that Appellant's email presented concerns to individuals outside of Capitol Police against the chain of command and proper protocol.[10]

Appellant claims that there is not substantial evidence to support the written reprimand because Capitol Police did not consider mitigating factors. This claim is not supported by the record. There was testimony by Appellant's supervisor that he did consider mitigating facts- specifically Appellant's prior employment evaluations, years of service, and clean employment records when determining the appropriate discipline.[11] This Supervisor also testified that the mitigating factors also added to the aggravating factors: "As I said, because of his rank, his time of service and his experience with the agency, he should have been aware of the fact that the email would have caused issues that it did."[12] Moreover, the initial proposed discipline was revised downward following the pre-decision meeting.

By all accounts Appellant is a long serving, dedicated employee of Capitol Police. His performance has been described as distinguished. If I had been the fact finder in this matter I may very well sided with the one vote recorded by a member of the MERB who would have found in Appellant's favor. However, my role in this matter is limited. I must give the factual decisions of the MERB substantial deference. I have considered the record in a light most favorable to the MERB and I have resolved all doubts in the MERB's favor. I cannot retry the case, reinterpret the evidence, or second guess the MERB's credibility

---

[10] Record pages 61-63, 77-79, 91-92, 96-97, 107-108, 210-121, 168-171, 223 and 227.
[11] Record at 48, 55-59.
[12] Record at 57, 75.

determination. Even had I wished to come to a different conclusion on the merits I cannot substitute my judgment for that of the MERB.[13]

There is substantial evidence in the record to supporting the underlying basis for conduct unbecoming and for the issuance of the penalty imposed. No legal error was committed by MERB.

For these reasons the decision of the MERB is AFFIRMED.

**IT IS SO ORDERED**.

/s/ Francis J. Jones, Jr.

Francis J. Jones, Jr., Judge

/jb
Original to File&Serve Express

---

[13] *Warren v. Amstend Industries, Inc.,* 2020 WL 4582504 (Del. Super. 2020).